**Not for Publication**

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| CITY OF HOBOKEN,<br><br>*Plaintiff*,<br><br>v.<br><br>EXXON MOBIL CORP., ET AL.,<br><br>*Defendants*. | Civil Action No. 20-cv-14243<br><br>**ORDER** |

**John Michael Vazquez, U.S.D.J.**

Presently before the Court is Defendants' motion to stay execution of this Court's September 8, 2021 Remand Order pending appeal. D.E. 130. Plaintiff filed a brief in opposition, D.E. 131, to which Defendants replied, D.E. 132. The Court reviewed all the submissions in support and opposition,[1] and considered the motion without oral argument pursuant to Federal Rule of Civil Procedure 78(b) and Local Civil Rule 78.1(b); and it

**APPEARING** that Defendants argue that this Court should stay its Remand Order until the Third Circuit decides their pending appeal of the order. District courts have discretion to stay their orders pending the outcome of an appeal. *See Nken v. Holder*, 556 U.S. 418, 421 (2009). A stay pending appeal, however, "is extraordinary relief that is not routinely granted." *HR Staffing*

---

[1] Defendants' brief in support of their motion, D.E. 130-1, is referred to as "Defs. Br."; Plaintiff's brief in opposition, D.E. 131, is referred to as "Plf. Opp."; and Defendants' reply, D.E. 132, is referred to as "Defs. Reply".

*Consultants, LLC v. Butts*, No. 15-3155, 2015 WL 3561618, at *2 (D.N.J. June 4, 2015); and it further

**APPEARING** that in deciding whether to enter such a stay, a court considers the following:

> (1) whether the stay applicant has made a strong showing that he is likely to succeed on the merits; (2) whether the applicant will be irreparably injured absent a stay; (3) whether issuance of the stay will substantially injure the other parties interested in the proceeding; and (4) where the public interest lies.

*In re Revel AC, Inc.*, 802 F.3d 558, 568 (3d Cir. 2015) (quoting *Hilton v. Braunskill*, 481 U.S. 770, 776 (1987)); and it further

**APPEARING** that in deciding a party's motion to stay pending appeal, a court must balance and "consider the relative strength of the four factors." *Id.* (quoting *Brady v. Nat'l Football League*, 640 F.3d 785, 789 (8th Cir. 2011)). However, "the most critical factors . . . are the first two." *Id.* (quoting *Nken*, 556 U.S. at 434). If a movant fails to make the requisite showing on either of the first two factors, "the stay should be denied without further analysis." *Id.* at 571; and it further

**APPEARING** that for the first factor, a sufficient degree of success on the merits exists if there is "a reasonable chance, or probability, of winning" on appeal. *Id.* at 568. It is not enough that the probability of success be "better than negligible," but that does not mean that the likelihood of success needs to be "more likely than not." *Id.*; and it further

**APPEARING** that Defendants contend that they have a reasonable likelihood of success on merits because their appeal "presents a host of novel, and potentially complex, issues related to threshold questions of federal jurisdiction," many of which are issues of first impression for the Third Circuit. Defs. Br. at 10-11. In support, Defendants largely reiterate arguments they raised

2

in opposition to Plaintiff's motion to remand. Plaintiffs counter that this Court, in the Remand Order, and numerous others have rejected each of Defendants' arguments as to removal, such that Defendants cannot establish a reasonable likelihood of success. Plf. Opp. at 6-8; and it further

**APPEARING** that the Court addressed and rejected each of Defendants' arguments for removal in its Remand Opinion. In this motion, Defendants fail to point this Court to any additional or new information that would materially affect the Court's analysis. While Defendants' appeal presents issues of first impression for the Third Circuit, these issues have been addressed by numerous courts throughout the country. *See, e.g.*, *City of New York v. Chevron Corp.*, 993 F.3d 81 (2d Cir. 2021) (noting that because the matter was initially filed in federal court, its conclusion about preemption did not conflict with "the parade of recent opinions holding that state-law claims for public nuisance brought against fossil fuel producers do not arise under federal law" for purposes of removal) (citation, internal quotes, and internal brackets omitted)); *City of Oakland v. BP PLC*, 969 F.3d 895, 907 (9th Cir. 2020) (explaining that the Clean Air Act does not meet the requirements for complete preemption); *Mayor & City Counsel of Balt. v. BP P.L.C.*, 952 F.3d 452, 466 (4th Cir. 2020) (rejecting the defendants' argument that removal was proper based on federal officer removal), *overturned on other grounds*, 141 S. Ct. 1532 (2021). In addition, there is not a split of authority. Rather, Defendants' arguments have largely been rejected across the board. Although the Third Circuit decides cases "based on [its] own examination of the issue; not on the views of other jurisdictions," "widely held views" from other courts and commentators do inform the Circuit's decision. *In re Grossman's Inc.*, 607 F.3d 114, 120-21 (3d Cir. 2010) (overruling test previously adopted by the Third Circuit, in part, based on widespread disagreement with the test); and it further

**APPEARING**, however, that the Court recognizes that *BP P.L.C. v. Mayor & City Council of Baltimore* (*Baltimore III*), -- U.S. --, 141 S. Ct. 1532, 1537-38 (2021) changes the procedural landscape. In *Baltimore III*, the Supreme Court determined that when a matter is removed pursuant to 28 U.S.C. §§ 1442 or 1443, an appellate court may review the entire remand order on appeal even if the order addresses grounds for removal outside of Sections 1442 and 1443. *Id.* at 1537-38. Accordingly, circuit courts throughout the country are just now considering certain issues raised by Defendants. Defendants contend that this creates a shifting legal landscape that makes a stay necessary. Def. Reply at 2. Nevertheless, every court that has addressed Defendants' arguments has rejected them. *See City & County of Honolulu v. Sunoco LP*, Nos. 20-163 & 20-470, 2021 WL 839439, at *2 n.3 (D. Haw. Mar. 5, 2021) (noting that "of all the cases involving subject matter similar to that here, Defendants have achieved one, fleeting success on the issue of removal" that "has now been overturned. A batting average of .000 does not suggest a substantial case exists"). Consequently, Defendants have not made a strong showing that they are likely to succeed on the merits; and it further

**APPEARING** that the Court need not consider the remaining factors because Defendants fail to make the requisite showing for the first factor. *In re Revel AC, Inc.*, 802 F.3d at 571 (stating that an applicant must satisfy factors one and two for a stay to be permissible). Defendants, therefore, fail to establish that a stay pending outcome of their appeal is warranted in this matter, based on the *Nken* factors; and it further

**APPEARING**, however, that even if a party does not satisfy the four-factor test for a stay pending outcome of an appeal, federal courts still "have inherent power to control their dockets by staying proceedings." *MEI, Inc. v. JCM Am. Corp.*, No. 09-351, 2009 WL 3335866, at *4 (D.N.J. Oct. 15, 2009) (citing *Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936)). "Factors justifying a stay

in such circumstances include 'the interests of justice and judicial economy,' which in turn include 'avoiding inconsistent results, the duplication of efforts, and the waste of judicial resources.'" *Estate of Maglioli*, 2021 WL 2525714, at *3 (quoting *MEI, Inc.*, 2009 WL 3335866, at *3); and it further

**APPEARING** that because Defendants contend that there is federal officer removal pursuant to 28 U.S.C. § 1442, Defendants have a right to appeal the Remand Order. *See* 28 U.S.C. § 1447(d) (stating that "an order remanding a case to the State Court . . . pursuant to section 1442 . . . shall be reviewable by appeal *or otherwise*"). Moreover, as noted, the Supreme Court recently determined that a circuit can review the entire Remand Order on appeal. *See Baltimore III*, 141 S. Ct. at 1537-38. Given Defendants' clear right to have the Third Circuit review the Remand Order, returning the case to state court now could defeat the very purpose of appellate review. *See Forty Six Hundred LLC v. Cadence Edition, LLC*, 15 F.4th 70, 79 (1st Cir. 2021) ("In such cases, allowing a district court to render the permitted appeal nugatory by prematurely returning the case to the state court would defeat the very purpose of permitting an appeal and leave a defendant who prevails on appeal holding an empty bag."); and it further

**APPEARING** that consideration of judicial economy and conservation of resources also weigh in favor of granting Defendants' motion. Without a stay, the parties would be required to concurrently litigate this matter in both federal and state court. Plaintiff describes this two-track litigation merely as an "inconvenience," Plf. Opp. at 2, but the Court disagrees. Forcing the parties to litigate might also require a state court (and the parties) to needlessly expend resources. Moreover, while the Court disagrees with Defendants' arguments as to removal, the matter is clearly complex both factually and legally. Any reasonable estimation of discovery costs would

result in a large dollar amount.  As a result, the factors a court considers in deciding whether to exercise its inherent power to control its own docket favor granting a stay.

Accordingly, for good cause shown,

IT IS on this 15th day of December, 2021

**ORDERED** that Defendants' motion for a stay of the Remand Order pending appeal, D.E. 130, is **GRANTED**; and it is further

**ORDERED** that the September 9, 2021 Remand Order, D.E. 122, is stayed pending the outcome of Defendants' appeal with the Third Circuit.

_____
John Michael Vazquez, U.S.D.J.